# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JULIE ZIEGLER,                                    Case No. 1:17-cv-384

        Plaintiff,                          Dlott, J.
v.                                                Bowman, M.J.

GARY PETERS, FIRM ENTERPRISES, LLC,

        Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

On June 7, 2017, Plaintiff Julie Ziegler paid the requisite filing fee and filed a *pro se* complaint against an individual, Gary Peters, and a related business, Firm Enterprises, LLC.[1] Pursuant to local practice, the matter has been referred to the undersigned magistrate judge for initial review. On August 16, 2017, the undersigned conducted a status conference with both Plaintiff Ziegler and Defendant Peters, both parties appearing pro se by telephone. During the course of that initial conference, the undersigned expressed concern with possible jurisdictional and procedural issues. Having more closely examined those issues after the conference, I now conclude that this Court lacks subject matter jurisdiction over the complaint, and therefore recommend the *sua sponte* dismissal of this case.

**I. Background**

In her complaint, Plaintiff alleges that in 2016, her adult son Ian purchased a

---

[1] Although the docket sheet of this Court presently reflects a single Defendant identified as "Gary Peters Firm Enterprises, LLC, close examination of the pro se complaint and of the exhibits attached thereto suggests that Plaintiff intended to sue both the individual business owner, Gary Peters, and the business that he operates, Firm Enterprises, LLC. A search of the Arizona Secretary of State records indicates the proper name is Firm Enterprises, Inc., apparently operating under the trade name Motor Firm.

used car from the Defendants in Mesa, Arizona, where Ian was residing at the time. Plaintiff alleges that she made payments on her son's behalf directly to the Defendants, based upon assurances that her son would receive title to the vehicle.

On December 7, 2016, Plaintiff alleges that she learned that her son had been found dead in his apartment. In the course of winding up her son's affairs soon thereafter, she discovered that the Defendants had not transferred title of the vehicle to her son, and that they claimed an additional payment was owed. She further alleges that they required her to make an additional payment in order to retrieve the vehicle. She alleges that by accepting the original payment from her by wire and later demanding a second payment, the Defendants committed "wire fraud." She seeks monetary relief in the form of repayment of the amount she paid Defendants, totaling $5335, including "transportation costs[s]" that she paid to have the car shipped to Cincinnati.

Plaintiff alleges that she filed a complaint with the Arizona Attorney General's office but waited to hear back from them for six months, before recently being advised by an attorney in that office that "they cannot prosecute everyone, but he'd show [her complaint] to his supervisor for possible action, and also try to mediate something with the defendant." (Doc. 1 at 5). Based upon her inability to obtain relief from the Arizona Attorney General to date, she filed suit in this federal court.

**II. Threshold Subject Matter Jurisdictional Issue**

Federal courts are courts of limited jurisdiction. Generally, a suit may be brought in federal court only if there is "federal question" jurisdiction, meaning that a constitutional provision or a statute gives the court subject matter jurisdiction over the

2

claims alleged in the complaint, or if there is "diversity jurisdiction," meaning that the plaintiff and any defendants reside in different states. *See generally* 28 U.S.C. §§ 1331, 1332. The basis for jurisdiction must be apparent from the face of the complaint. Rule 8(a)(1), Fed. R. Civ. P. Here, Plaintiff brings a single claim of "wire fraud," listing the basis for subject matter jurisdiction as "Telecommunications Fraud (Interstate)" under Ohio Revised Code Section 2913.05. (Doc. 1 at 2).

It is incumbent upon the district court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Not only is a court permitted to raise the issue of its subject matter jurisdiction *sua sponte,* it must do so when a question as to its jurisdiction arises. *Clarke v. Mindis Metals, Inc.,* No. 95–5517, 1996 WL 616677, at *3 (6th Cir.Oct.24, 1996) ("Neither party has raised the jurisdictional issue this case presents, but it is axiomatic that we *must* raise issues of subject-matter jurisdiction *sua sponte"*) (emphasis added) (citing *Community First Bank v. Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir.1994)).

### A. Federal Question Jurisdiction

Plaintiff has failed to allege any basis for federal question jurisdiction, and has instead cited only a state law statute, Ohio Revised Code § 2913.05, that provides for criminal felony prosecution of telecommunications fraud. The statute prohibits any person who, "having devised a scheme to defraud," from "knowingly disseminat[ing], transmit[ting], or caus[ing] to be disseminated or transmitted by means of a wire, radio, satellite, telecommunication, telecommunications devise, or telecommunications service

3

any writing, data, sign, signal, picture, sound, or image with purpose to execute or otherwise further the scheme to defraud." O.R.C. 2913.05(A). Even though it appears that a private civil cause of action *may* – in appropriate circumstances - be based on this state criminal statute,[2] reliance on state law alone simply cannot give rise to federal jurisdiction under 28 U.S.C. §1331. To demonstrate federal question jurisdiction, Plaintiff's claim must be based either on a <u>federal</u> statute that provides for jurisdiction, or on a provision of the United States Constitution. *See Miller v. Countrywide Home Loans*, 747 F. Supp.2d 947, 953 (S.D. Ohio 2010) (dismissing claims in part because federal courts may exercise supplemental jurisdiction over state law claims only if the court otherwise has original jurisdiction). In the absence of a claim that rests on a federal statute or constitutional law that would give rise to jurisdiction under 28 U.S.C. §1331, this Court lacks subject matter jurisdiction over Plaintiff's state law claim.

**B. Diversity Jurisdiction**

Construing Plaintiff's complaint liberally, it is appropriate to briefly consider the possibility of diversity jurisdiction, even though Plaintiff has not asserted the existence of such jurisdiction. On the face of the complaint, it appears that Plaintiff resides in Ohio and that both Defendants reside in Arizona.[3] However, it is clear that diversity jurisdiction under 28 U.S.C. § 1332 does not exist, because the face of Plaintiff's complaint also confirms that she cannot satisfy the requisite amount in controversy.

---

[2] *See Kimber Baldwin Designs, LLC v. Silv Communications, Inc.*, 225 F. Supp.3d 670, 679 (S.D. Ohio 2016), (holding that a claim for telecommunications fraud under R.C. §2913.05 can provide a basis for private civil recovery in tandem with O.R.C. §2307.60, which provides that "[a]nyone injured…by a criminal act…may recover full damages in…a civil action unless specifically excepted by law").

[3] A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop.* Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)

4

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Id*. The amount in controversy in this case is well below the minimum threshold amount of $75,000 that would be required to establish federal jurisdiction.

### III. Personal Jurisdiction Issue

On July 5, 2017, Defendant Gary Peters filed a pro se Answer to the complaint.[4] In his Answer, construed liberally in accordance with pro se standards, Defendant Peters asserts that he lacks minimum contacts in the State of Ohio to substantiate the exercise of personal jurisdiction over him. (Doc. 6 at 1, "This is not a valid case for the state of Ohio….There were no transactions that truly occurred in Ohio, everything took place in Arizona.").

The undersigned declines to consider whether Ohio's long-arm statute would permit the exercise of personal jurisdiction over Mr. Peters, based on the conclusion that this Court lacks subject matter jurisdiction over Plaintiff's claim.

### IV. Conclusion and Recommendation

For the reasons stated, because this Court lacks subject matter jurisdiction over the claim asserted, **IT IS RECOMMENDED THAT THIS CASE BE DISMISSED**.

### V. Order

Pursuant to footnote 1, infra, the Clerk of Court is hereby directed to correct the caption of this matter to list Gary Peters as an individual Defendant and Firm

---

[4]As noted by the Court during the status conference, an individual defendant may appear pro se, but a corporate entity may appear in federal court only through counsel, and cannot appear or be represented by a pro se litigant. Therefore, the undersigned finds that only Mr. Peters, and not Firm Enterprises, LLC, has filed an answer to date.

Enterprises, LLC as a business Defendant.

                                             *s/ Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JULIE ZIEGLER,                                Case No. 1:17-cv-384

          Plaintiff,                       Dlott, J.

v.                                                     Bowman, M.J.

GARY PETERS, FIRM ENTERPRISES, LLC,

          Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).