**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JULIE ZIEGLER,                                                  Case No. 1:17-cv-384

               Plaintiff,                              Dlott, J.
   v.                                                    Bowman, M.J.

GARY PETERS, FIRM ENTERPRISES, LLC,

               Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On June 7, 2017, Plaintiff Julie Ziegler paid the requisite filing fee and filed a *pro se* complaint against an individual, Gary Peters, and a related business, Firm Enterprises, LLC. Pursuant to local practice, the matter has been referred to the undersigned magistrate judge for initial review.

On August 16, 2017, the undersigned conducted a status conference with both Plaintiff Ziegler and Defendant Peters, both parties appearing pro se by telephone. During the course of that initial conference, the undersigned expressed concern with possible jurisdictional and procedural issues. Following the conference, on August 21, 2017, the undersigned recommended the *sua sponte* dismissal of Plaintiff's case for lack of subject matter jurisdiction. (Doc. 8). The following day, Plaintiff filed an "amendment to complaint" without first seeking leave from this Court, as required by the Federal Rules of Civil Procedure. (Doc. 9). Plaintiff's amended complaint purports to establish subject matter jurisdiction by invoking a federal criminal statute, 18 U.S.C. § 1343. For the reasons that follow, the undersigned recommends that Plaintiff's "amended" complaint also be dismissed, both because of its procedural irregularity, and because even if Plaintiff had properly sought leave to amend, such leave would have

been denied based on the futility of the proposed amendment.

**I.     Background**

In her initial complaint, Plaintiff alleged that in 2016, her adult son Ian purchased a used car from the Defendants in Mesa, Arizona, where Ian was residing at the time. Plaintiff alleges that she made payments on her son's behalf directly to the Defendants, based upon assurances that her son would receive title to the vehicle.

On December 7, 2016, Plaintiff alleges that she learned that her son had been found dead in his apartment. In the course of winding up her son's affairs soon thereafter, she discovered that the Defendants had not transferred title of the vehicle to her son, and that they claimed an additional payment was owed. She further alleges that they required her to make an additional payment in order to retrieve the vehicle. She alleges that by accepting the original payment from her by wire and later demanding a second payment, the Defendants committed "wire fraud." She seeks monetary relief in the form of repayment of the amount she paid Defendants, totaling $5335, including "transportation costs[s]" that she paid to have the car shipped to Cincinnati.

Plaintiff alleges that she filed a complaint with the Arizona Attorney General's office but waited to hear back from them for six months, before recently being advised by an attorney in that office that "they cannot prosecute everyone, but he'd show [her complaint] to his supervisor for possible action, and also try to mediate something with the defendant." (Doc. 1 at 5). Based upon her inability to obtain relief from the Arizona Attorney General to date, she filed suit in this federal court.

## II. The Failure of the Proposed Amendment to Invoke Federal Jurisdiction

The prior R&R explained that Plaintiff's single claim of "wire fraud" under Ohio law was insufficient to invoke federal jurisdiction under 28 U.S.C. § 1331, which requires that a claim be based either on a constitutional provision or a federal statute. Plaintiff's "amendment" seeks to cure that defect by invoking Rule 9(b) of the Federal Rules of Civil Procedure and the federal criminal statute governing wire fraud, 18 U.S.C. § 1343.

Under Rule 15(a)(1), Fed. R. Civ. P., Plaintiff was permitted to amend her complaint without leave of Court only if she filed her amended complaint within 21 days after service of her complaint on the Defendants, or within 21 days after service of Defendant's response. "In all other cases, a party may amend the pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). Plaintiff did not timely amend her complaint under Rule 15(a)(1), and has failed to seek leave of this Court to file her amended complaint. Plaintiff's procedural error would justify a recommendation to strike the amended complaint as improvidently filed.

On the other hand, the undersigned recognizes that pro se pleadings are to be construed liberally, and that leave to amend a complaint should be freely given under Rule 15(a)(2). For that reason, the undersigned has undertaken a review of Plaintiff's "amended complaint" as if it had been attached as a tendered exhibit to a properly filed motion for leave to amend. Even as so construed, however, the undersigned would recommend denial of leave to amend because the tendered first amended complaint still fails to establish the existence of subject matter jurisdiction over any of her claims.

In her (construed) tendered amended complaint, the undersigned understands Plaintiff to re-state all of the allegations and state law "wire fraud" claim contained in her

3

original pleading, but to seek to "add" additional claims based upon Rule 9(b) of the Federal Rules of Civil Procedure and 18 U.S.C. §1343, a statute that criminalizes wire fraud under federal law. However, Rule 9(b) provides no independent grounds for federal jurisdiction, and invocation of 18 U.S.C. § 1343 also fails to imbue this Court with subject matter jurisdiction over Plaintiff's claims. Plaintiff lacks standing to pursue a criminal prosecution of Defendants under federal law, and violations of the federal wire fraud statute do not give rise to independent, private causes of action. *Saro v. Brown*, 11 Fed. Appx. 387, 388, 2001 WL 278284, at *1 (6th Cir., 2001) (citing *Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997)). Therefore, even if Plaintiff had complied with Rule 15(a)(2) and sought leave of this Court to file her tendered amended complaint, the undersigned would recommend denial of the proposed amendment based upon the futility of the amended complaint to establish subject matter jurisdiction over any of Plaintiff's claims.

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks subject matter jurisdiction over the claim asserted, **IT IS RECOMMENDED THAT THIS CASE BE DISMISSED**.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JULIE ZIEGLER,

   Plaintiff,

 v.

GARY PETERS, FIRM ENTERPRISES, LLC,

   Defendants.

Case No. 1:17-cv-384

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).